**Susan D. Pitchford, OSB No. 98091**
E-mail: sdp@chernofflaw.com
**Brenna K. Legaard, OSB No. 00165**
E-mail: brenna@chernofflaw.com
**CHERNOFF, VILHAUER, McCLUNG & STENZEL, LLP**
1600 ODS Tower
601 S.W. Second Avenue
Portland, Oregon 97258-2007
Telephone: (503) 227-5631
Facsimile: (503) 228-4374

    Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SMITH & NEPHEW, INC. and JOHN O. HAYHURST, M.D.,** | Civil No. 3:04-CV-00029 MO |
| **Plaintiffs,** | **PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATING TO WILLFUL INFRINGEMENT** |
| v. | **PATENT CASE** |
| **ARTHREX, INC.,** | **REQUEST FOR ORAL ARGUMENT** |
| **Defendant.** | |

## LOCAL RULE 7.1

    Counsel for Plaintiffs Smith & Nephew, Inc. and John O. Hayhurst, M.D. (collectively, "Smith & Nephew"), and counsel for Defendant Arthrex, Inc. ("Arthrex"), have conferred in good faith regarding this motion to compel, but were unable to resolve the dispute.

## MOTION

    Smith & Nephew brings the present motion to obtain information from Arthrex that is highly relevant to the willfulness of Arthrex's infringement: (1) opinions of counsel communicated to, from, or within Arthrex relating to the infringement and validity of the U.S.

Patent No. 5,601,557 ("the '557 patent"); and (2) when and how Arthrex first learned of the '557 patent, and what steps it took to avoid infringement once it learned of the patent.

The present motion is necessary because, in response to Smith & Nephew's charge of willful infringement, Arthrex has selectively waived the attorney-client privilege, permitting testimony about opinions of its in-house counsel, while shielding information relating to any opinions of outside counsel that it obtained. The recent Federal Circuit decision in *In re EchoStar Communications Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) makes it clear that Arthrex cannot selectively waive privilege with respect to an opinion of in-house counsel and shield opinions of outside counsel. Smith & Nephew also brings this motion because Arthrex has also improperly used claims of attorney-client privilege to shield relevant information that is clearly not privileged, namely the date that Arthrex first learned of the '557 patent.

For these reasons, described in the attached supporting memorandum, Smith & Nephew respectfully requests that the Court compel Arthrex to—

(1) Provide a proper answer to Smith & Nephew's Interrogatory No. 9, including identifying when Arthrex first learned of the existence of the '557 patent, and all steps taken by Arthrex as a result of learning of the '557 patent.

(2) Identify and produce any document or opinion from in-house or outside counsel that embodies or discusses a communication to or from Arthrex concerning whether the '557 patent is valid and/or infringed by the accused products. This would include any letters, memoranda, e-mails or other communications between any in-house or outside attorney (including trial counsel) and Arthrex on the issues of infringement and/or validity, as requested by Smith & Nephew's Document Request No. 42.

(3) Produce any necessary witness(es) for a deposition relating to steps taken by Arthrex to avoid infringement of the '557 patent, including all opinions of counsel communicated to, from, or within Arthrex.

(4) Produce documents relating to when Arthrex first learned of the '557 patent, as requested by Smith & Nephew's Document Request No. 41.

DATED:  September 27, 2006          CHERNOFF, VILHAUER, McCLUNG & STENZEL, LLP


                                    By: /s/ Brenna K. Legaard
                                        Susan D. Pitchford, OSB No. 98091
                                        Brenna K. Legaard, OSB No. 00165
                                        Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Compel Discovery Relating to Willfulness, and the attached Memorandum in Support with Exhibits, were served on this 27th day of September 2006, as follows

_____