IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SMITH & NEPHEW, INC. and JOHN O. HAYHURST, M.D.,

    Plaintiffs,

v.

ARTHREX, INC.,

    Defendant.

No. CV 04-29-MO

OPINION RE: CLAIM CONSTRUCTION & ISSUE PRECLUSION

**MOSMAN, J.,**

    In its Markman briefing, Arthrex argued Smith & Nephew is bound by a prior claim construction of the '557 patent entered in an earlier case in which Smith & Nephew was also a party. On February 20, 2007, I entered an order holding the prior construction, with one exception, "is given preclusive effect." This opinion follows to more fully explain my reasoning.

PAGE 1 - OPINION RE: CLAIM CONSTRUCTION & ISSUE PRECLUSION

In 1998, Smith & Nephew and Dr. Hayhurst filed suit alleging Ethicon, Inc. infringed the '557 patent.[1] In the course of that litigation, Magistrate Judge Hubel construed some of the same terms disputed in the present case. *Smith & Nephew, Inc. v. Ethicon, Inc.*, No. CV 98-76-MA (D. Or. June 11, 1999) (Hubel's Am. F&R).[2] Ethicon objected to Judge Hubel's construction, and Smith & Nephew responded, arguing to District Judge Marsh that Judge Hubel's "[f]indings [were] well-supported in fact and law" and should be adopted. Cho Decl. in Supp. Markman Br., Ex. R at 5. Judge Marsh did adopt Judge Hubel's claim construction. *See Ethicon, Inc.*, No. CV 98-76-MA (D. Or. Dec. 17, 1999) (Marsh's Summ. J. Op. at 6 n.2). Thereafter, Judge Marsh ruled on the parties' dispositive motions, granting summary judgment in favor of Ethicon. *Id.* In the context of that decision, he altered Judge Hubel's construction of "lodging the member." *See* Cho Decl. in Supp. Markman Br., Ex. S at 12-17. Smith & Nephew appealed to the Federal Circuit, contending Judge Marsh "departed from the magistrate judge's correct construction." *Smith & Nephew, Inc. v. Ethicon, Inc.*, 276 F.3d 1304, 1308 (Fed. Cir. 2001). The Federal Circuit agreed and reversed Judge Marsh's decision on summary judgment, but otherwise "confirm[ed] the district court's claim construction." *Id.* at 1310.

In determining whether issue preclusion applies, the district court looks to the law of its circuit. *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (citing *Bayer AG. v. Biovail Corp.*, 279 F.3d 1340, 1345 (Fed. Cir. 2002). The Ninth Circuit explains, "[t]he doctrine of collateral estoppel (or issue preclusion) prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir.

---

[1] For ease of reference, plaintiffs are simply referred to as "Smith & Nephew," both in relation to *Ethicon* and this case.

[2] The unpublished opinions and orders from *Ethicon* cited herein can also be found in Anthony Cho's Declaration in Support of Arthrex's Markman Brief, Exhibits Q, S, and T.

2007). Thus, the doctrine applied when:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Id.*

The first element is easily satisfied in this case. The issue here, as in *Ethicon*, is the proper construction of the '557 patent. The words being construed and the legal rules governing the analysis are the same. *Kourtis v. Cameron*, 419 F.3d 989, 995 (9th Cir. 2005). Smith & Nephew argues that because *Ethicon* involved a different accused device, the prior claim construction does not apply–that somehow the nature of the device at issue impacts the applicability of claim construction. It is true the accused device informs construction. *Hakim v. Cannon Avent Group, PLC*, __ F.3d __, 2007 WL 542697, *4 (Fed. Cir. Feb. 23, 2007). But the general premise of counsel's argument is contrary to the purpose of claim construction. Patent claims are the patentee's attempt to define the "scope of the claimed invention" and thereby give notice to the public of invention. *Bicon, Inc. v. Straumann Co.,* 441 F.3d 945, 950 (Fed. Cir. 2006). At claim construction, the court considers specific disputes as to the patent claims' meaning and "defines the claim[s] with greater precision than had the patentee." *Pall Corp. v. Hemasure Inc.,* 181 F.3d 1305, 1308 (Fed. Cir. 1999). The court must construe the words of the claims such that they are given their ordinary meaning as understood by someone skilled in the art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc). The whole point of this effort is to give the world notice of the claimed invention. *Id.* at 1312. And while the court may consider the accused device in giving context to its analysis, claim construction "is independent of the device charged with infringement." *Pall Corp*, 181 F.3d at 1308. If it were otherwise, the public notice function of patent claims would be undermined by the potential for the claims to mean something different with every competitor's device. Thus, regardless of the device at issue, prior constructions of disputed words or phrases are relevant in a later

construction.

The second element in establishing issue preclusion–final judgment on the merits–is also satisfied. The *Ethicon* litigation ended with a Stipulated Consent Judgment signed by Judge Marsh, which made several specific findings and recited: "This . . . is a final adjudication on the merits." Cho Decl. in Supp. Markman Br., Ex. T at 2. A court approved settlement is a final judgment on the merits.[3] *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

Finally, the third element is easily satisfied as Smith & Nephew was also the plaintiff in *Ethicon*. To the extent Smith & Nephew argues this element is not satisfied because it did not have a full and fair opportunity to litigate the relevant issues in spite of being a party in the prior litigation, I reject its argument. Smith & Nephew litigated claim construction at the district court and specifically advocated for Judge Hubel's construction. Further, Smith & Nephew raised its objections to Judge Marsh's decision as related to claim construction on appeal to the Federal Circuit and prevailed in its argument. On this record, I find Smith & Nephew had a full and fair opportunity to litigate claim construction in *Ethicon*.

Again, Smith & Nephew asserts that because its prior claim construction arguments were made in reference to Ethicon's specific accused device, it should not be bound by its earlier position as relates to Arthrex's devices, which admittedly raise different issues. I appreciate the patentee's difficult position of having to foresee potential impacts of claim construction that may not be raised by the case at hand. But the goals of uniformity, consistency, and public notice would be completely undermined if the patentee were allowed to change the meaning of the patent words based on the facts of a given case. Such a practice would also undermine judicial efficiency. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002)

---

[3] Case law indicates that the claim construction decision itself may be a final judgment sufficient to satisfy the requirements of issue preclusion. *T.M. Patents, LP v. Int'l Bus. Mach. Corp.*, 72 F. Supp. 2d 370, 377-78 (S.D.N.Y. 1999). However, because the *Ethicon* case ended with a global judgment on the merits, there is no need to reach this issue here.

("Preclusion doctrine is intended to promote judicial efficiency and the finality of judgments by . . . prohibiting any party from litigating an issue that has been fully litigated previously . . . .").

Of course, there could be a situation where a prior construction addresses only one aspect of a term's meaning and a later case raises an additional aspect not previously litigated. This is not that case. For example, in *Ethicon,* Judge Hubel construed "member" to mean "the entire member is resilient." Hubel's Am. F&R at 6. Smith & Nephew now asserts this is a correct construction as relates to claims two and six, but not as to how that same word is used in the remainder of the claims. Pl.'s Op. Claim Constr. Br. at 8-9. But Judge Hubel indicated no such limitation in his construction and it appears Smith & Nephew never advocated for such a limitation, even though it had ample opportunity to do so. Likely this was because Smith & Nephew did not foresee the impact such a construction would have down the road, but as discussed above, that is not a reason to ignore Judge Hubel's construction. He addressed resiliency as relates to the definition of "member," and whether or not Smith & Nephew realized all of the implications of his decision, it had the opportunity to litigate the issue. Thus, I find the third element for establishing issue preclusion is satisfied.

Citing pre-*Markman* cases, Smith & Nephew also argues issue preclusion does not apply here because Judge Hubel's claim construction was not necessary to the infringement decision in *Ethicon*. In *Jackson Jordan, Inc. v. Plasser American Corp.*, 747 F.2d 1567, 1577 (Fed Cir. 1984), the Federal Circuit held that for issue preclusion to apply to claim construction, the "interpretation of the claim had to be the reason for the loss on the issue of infringement." The court went on to explain that while it is theoretically "possible to look only at claim interpretation, as a separate and distinct issue from validity or infringement and determine whether a party won or lost on that sub-issue regardless of what happened on the larger issue. . . . if a claim is held valid and infringed on a narrower than necessary basis, the patent owner cannot appeal." *Id.* at 1577-78. Clearly, the court was concerned about the patentee being bound by a claim construction while lacking the opportunity for full review.

I find this holding inapplicable for three reasons. First, the *Jackson Jordan* court was concerned about patentees who "lose" at claim construction but ultimately prevail on infringement and thereby lack the opportunity to appeal claim construction. This is not the procedural background here. Smith & Nephew prevailed on claim construction in *Ethicon*. In fact, Smith & Nephew praised Judge Hubel's decision as "well-supported in fact and law." Cho Decl. in Supp. Markman Br., Ex. R at 5. Second, Smith & Nephew obtained appellate review of claim construction. Thus, to the extent *Jackson Jordan* is based on a concern that the patentee lacks the opportunity for appellate review, that reasoning does not apply. Finally, apart from the specific procedural background here, since *Jackson Jordan* was decided, the process for construing patent claims has significantly changed. In *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996), the Supreme Court held claim construction is a question of law for the court to decide. Thus, unlike before, claim construction is not bound up with the other factual questions of the case, including infringement. Indeed, as was done here, claim construction is often resolved at a specific *Markman* hearing, well before trial. And where this process is followed, the *Jackson Jordan* rule "makes no sense" because the court, "acting as a matter of law, draws binding conclusions about the meaning of disputed patent terms for the benefits of the litigants and the jurors," and the parties have the opportunity for appellate review of this specific issue apart from the jury's factual findings. *T.M. Patents, L.P.*, 72 F. Supp. 2d at 377 n.1 & 378-79 ("one could make a strong case for routinely certifying an interlocutory appeal to the Federal Circuit").

The primary decisions disagreeing with *T.M. Patents* involve very different facts than those here. In *Graco Children's Products, Inc. v. Regalo International, LLC*, 77 F. Supp. 2d 660, 661-62 (E.D. Penn. 1999), the court held a *Markman* hearing in the first case. Thereafter, the jury found infringement and the court made several legal rulings. *Id.* Both parties appealed, but the case settled before the appeal was decided. *Id.* at 662. In the later case, the defendant asserted issue preclusion as to the first court's claim construction. *Id.* The Eastern District of

Pennsylvania disagreed, finding the patentee had little incentive to appeal the claim construction in the first case because it won on infringement. *Id.* at 664. The court also noted "the policies behind the *Markman* decision–that the public is entitled to know the metes and bounds of a claim and that relitigation of already-decided issues creates an unnecessary burden on the court system" were not at issue because the prior construction only involved one phrase found in one claim. *Id.* This reasoning does not apply here. Smith & Nephew may have lacked incentive to contest the prior claim construction, but this was only because it agreed with Judge Hubel's decision. If it had disagreed with Judge Hubel, it could have raised those issues with Judge Marsh, as did Ethicon. Judge Hubel's claim construction was also more extensive than that in *Graco*, making concerns about uniformity and the inefficiency of relitigating previously decided issues significant here.

      Likewise, *Kollomorgen Corp. v. Yaskawa Electric Corp.*, 147 F. Supp. 2d 464 (W.D. Va. 2001) is not compelling. There, the patentee brought an infringement action in Wisconsin. *Id.* at 465. After the district court in Wisconsin held a *Markman* hearing and entered a claim construction order, the parties settled on the condition that the court vacate the order. *Id.* The court refused. *Id.* Shortly thereafter, in a case brought by the same patentee in Virginia that actually pre-dated the Wisconsin case, the Virginia defendant moved for the court to adopt the Wisconsin claim construction. *Id.* at 466. The Virginia court declined, refusing to give preclusive effect to the Wisconsin ruling on the basis that it was not a final judgment. *Id.* at 467. The Virginia court reasoned that due to the Federal Circuit's high reversal of claim constructions, for purposes of issue preclusion, such decisions are not final until they are reviewed on appeal. *Id.* at 467-68. And because there is no guarantee the Federal Circuit will accept an interlocutory appeal from a *Markman* decision, simply being able to seek review is not enough. Additionally, citing *Jackson Jordan*, the court held preclusion was not appropriate because the claim construction was not essential to the infringement decision. *Id.* at 469. Even though *Ethicon* also settled before trial, the court's main concern in *Kollomorgen* is not applicable here. Smith &

Nephew successfully obtained appellate review, and the Federal Circuit "confirm[ed]" the district court's claim construction with one modification. *Ethicon, Inc.*, 276 F.3d at 1310. And as explained above, I do not find the pre-*Markman* case law concerning preclusion compelling in light of the facts here. Thus, Smith & Nephew is bound by the claim construction of '557 entered in *Ethicon* and to the extent it now offers inconsistent interpretations of the words and phrases previously litigated, they are rejected.

DATED this  12th  day of April, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
U.S. District Judge