IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SMITH & NEPHEW, INC. and<br>JOHN O. HAYHURST, M.D., | No. CV 04-29-MO |
| Plaintiffs, | OPINION AND ORDER<br>Re: Plaintiffs' Motion for Supplemental Damages;<br>to Compel Production of Sales Documents;<br>and for an Award of Pre-Judgment Interest<br>on Additional Sales (#507) |
| v. | |
| ARTHREX, INC., | |
| Defendant. | |

**MOSMAN, J.,**

The jury's award of damages in this case was for a period through December 31, 2005. Infringing sales have continued, presumably through the present. Plaintiffs seek three things to deal with infringing sales (from anchors covered by the verdict): sales documents sufficient to account for such sales, an award of supplemental royalty damages calculated by applying the jury's 16% royalty figure to such sales, and prejudgment interest on the supplemental damage award.

At the appropriate time, the Court will award some amount of supplemental damages and some corollary amount of pre-judgment interest. That is unlikely to be accomplished merely by crunching simple numbers. For present purposes, it is enough to begin the process of accounting for such sales.

According to plaintiffs' updated memorandum, Arthrex has provided some sales data. Arthrex may dispute whether some sales are fairly covered by the verdict. With that in mind, the Court orders the following production by Arthrex:

1. All sales data for all versions of Arthrex's 2.4 mm Bio-Suture Tak anchors.

2. All sales data for all versions of the 3.5 mm Bio-PushLock anchors and the 3.5 mm PEEK PushLock anchors. If Arthrex takes the position that such sales are not fairly covered by the verdict, whether under a "large eyelet" theory or otherwise, it shall so state in an explanation of its position to Smith & Nephew, within 14 days of the entry of this order. Smith & Nephew may then, if it disagrees, move to compel. The Court will decide the issue after receipt of all briefing on the matter per this Court's normal briefing schedule for such motions.

3. All sales data for Arthrex's Bio-Suture Tak anchors with two TigerTail sutures. If the product has been discontinued, and there are no sales since December 31, 2005, Arthrex shall so state to Smith & Nephew within 14 days of the entry of this order. If Arthrex disputes that this product is fairly covered by the verdict, it shall follow the same procedure outlined for such disputes above.

Smith & Nephew shall notify the Court when all the sales data requested above has been received. Any undue delays or disputes will be resolved by motions to compel. When this process has been completed, Smith & Nephew will renew its request for supplemental damages with an updated memorandum; with updated responses and replies per the normal schedule.

Plaintiffs' Motion #507 is GRANTED IN PART, and otherwise denied with leave to renew.

IT IS SO ORDERED.

DATED this __22nd__ day of October, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge