IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SMITH & NEPHEW, INC.**, and
**JOHN O. HAYHURST, M.D.**,

                    Plaintiffs,

    v.

**ARTHREX, INC.**,

                  Defendant.

                              No. CV 04-0029-MO

                              OPINION AND ORDER

**MOSMAN, J.,**

The parties filed a Joint Status Report (#686) on April 2, 2010 and the court conducted a

telephone status conference on April 5, 2010. This Opinion and Order describes the oral rulings I

made at the status conference.

**BACKGROUND**

This patent case recently returned from the Federal Circuit, which affirmed in part and

reversed in part earlier rulings in the case. Primarily, the Federal Circuit overruled the prior

construction of the term "resile" and set forth the new construction of that term to be applied in

this case. On remand, the parties propose various interpretation's of the Federal Circuit's ruling

and how it impacts this case going forward.

//

//


PAGE 1 - OPINION AND ORDER

**DISCUSSION**

## I.    <u>Claim Construction</u>

Arthrex contends that the Federal Circuit's ruling on the term "resile" requires me to reexamine other claim constructions used in the case, such as "forming a hole in the bone" and "lodging the member within the hold." Smith & Nephew argues that prior claim constructions not contested on appeal are now law of the case.

In addition to any impact the law of the case doctrine may have on this issue, I find that nothing in the Federal Circuit opinion requires reexamination of other claim construction not presented on appeal, nor does the new construction of "resile" invalidate or otherwise call into doubt prior claim construction on other terms. I will, of course, apply the new construction of "resile" or "resiliance" to any other part of the claim construction that incorprates this newly defined term. Where necessary, I will also view related constructions in light of the altered construction of "resile." I do not, however, believe that reexamination of other claim constructions is necessary or productive in this case.

## II.    <u>Infringement & Validity</u>

Arthrex also contends that the new claim construction gives rise to new infringement arguments on remand. I disagree. The Federal Circuit's opinion in Arthrex's favor, altering the definition of "resile," does not create an opportunity for Arthrex to present new or previously denied (on the merits) arguments of non-infringement. I also decline to reopen the discussion for new validity arguments.

On a related note, Arthrex further urges me to allow argument that *BMC Resources, Inc. v. Payment, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) impacts this case and counsels a finding of non-

infringement. Arthrex previously presented this argument, which I rejected as waived. As described below in connection with dispositive motions, I will allow Arthrex to brief the merits of its *BMC* argument.

## III.    Dispositive Motions

Both parties agree that we should proceed with dispositive motions. As indicated by my earlier statements, two issues are in play—first, whether the accused anchors infringe the '557 patent on the narrower definition of "resile"; second, whether *BMC Resources* has any impact on this case. I agree with Arthrex that dispositive motions should be resolved based on the full record from both of the prior jury trials in this case.

I accept the proposed briefing schedule in the Joint Status Report. Cross motions for summary judgment are due May 14, 2010; responses due June 4, 2010; replies due June 18, 2010. Each party's briefs will be limited to 50 pages for opening and response, and 25 pages for reply. I will determine whether oral argument is necessary and inform the parties if a hearing is required.

## IV.    Expert Discovery

In light of the somewhat likely scenario that this case proceeds to a third trial on at least some of the issues, I agree with Arthrex that the parties should be permitted to undergo additional expert discovery in light of the altered claim construction.

The parties must provide initial expert reports and disclosures 75 days after any denial of summary judgment. Rebuttal expert reports are due 45 days after the initial reports. These rebuttal reports must not include new testing, but may include precise duplication of opposing experiments or tests. The expert deposition deadline will follow, set for 60 days after the rebuttal

reports. The parties must also exchange all data created in any experiment with the submission of the applicable report, and must permit inspection of test materials, samples, setup, and equipment within 14 days of submission of any report that includes experiments.

## V.    <u>Trial, Damages, and Consolidation</u>

Finally, as discussed at the conference, a trial in this case, should it become necessary, will address the limited question of infringment under the amended definition of "resile," and may also include any question of fact for a jury on the *BMC Resources* issue. A trial will not be limited to prior expert reports. Nor will this case, 04-0029, be consolidated with the tag-along case, 08-0714.

IT IS SO ORDERED.

DATED this  _7th_   day of April, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 4 - OPINION AND ORDER