IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SMITH & NEPHEW, INC.**, and
**JOHN O. HAYHURST, M.D.**,

          Plaintiffs,

v.

**ARTHREX, INC.**,

          Defendant.

No. CV 04-00029-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Defendant Arthrex, Inc. ("Arthrex") filed a Bill of Costs (#693) seeking payment of the premium for its supersedeas bond as a cost on appeal taxable in this Court. Because awarding Arthrex the cost of its premium paid for the supersedeas bond is inconsistent with Fed. R. App. P. 39, I DENY the Bill of Costs (#693).

## BACKGROUND

    On November 19, 2008, this Court entered judgment in favor of Smith & Nephew, Inc. and Dr. John O. Hayhurst (hereafter "S&N"). Shortly thereafter, Arthrex filed its notice of appeal and posted a supersedeas bond to secure the full amount of the $20 million judgment. On December 2, 2009, the Federal Circuit affirmed in part, reversed in part, and remanded the case for further proceedings consistent with its opinion. Of most importance to this discussion, the court ordered that "[e]ach party shall bear its own costs for this appeal." *Smith & Nephew, Inc. v. Arthrex, Inc.*, Nos. 2009-1091, 2009-1192, 2009 WL 4282012, at *4 (Fed. Cir. Dec. 2, 2009).

PAGE 1 - OPINION AND ORDER

On January 4, 2010, Arthrex filed a motion for clarification or modification of costs, requesting that the Federal Circuit allow it to tax the cost of its supersedeas bond in the district court. *Smith & Nephew, Inc. v. Arthrex, Inc.*, No. 09-1091 (Fed. Cir. Jan. 15, 2010) (order denying clarification or modification of costs). The court denied the motion, but stated its denial was "without prejudice to the right of Arthrex, Inc. to apply to the district court for taxation of the premiums paid for the supersedeas bond." *Id.* On April 16, 2010, Arthrex filed its Bill of Costs (#693), which contained only the premium for the supersedeas bond in the amount of $86,857.23. The issue is now before the Court following S&N's timely objection.

## DISCUSSION

### I.      Federal Rule of Appellate Procedure 39

Fed. R. App. P. 39 contains two sections relevant to the current discussion. First, section 39(e) lists the costs taxable by the district court following appeal.[1] The section reads as follows:

> (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>   (1) the preparation and transmission of the record;
>   (2) the reporter's transcript, if needed to determine the appeal;
>   (3) *premiums paid for a supersedeas bond or other bond to preserve rights pending appeal*; and
>   (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e) (emphasis added). Both parties agree that a "party entitled to costs" under Fed. R. App. P. 39 is entitled to tax the cost of the premium paid for the supersedeas bond. The

---

[1] Fed. R. Civ. P. 54(d) gives me the authority to award costs to the prevailing party. Although my authority is limited to awarding the specific costs set forth in 28 U.S.C. § 1920, courts have held that, because Congress approved Fed. R. App. P. 39 after the passage of 28 U.S.C. § 1920, Fed. R. App. P. 39 is binding on district courts regardless of the language in § 1920. *See, e.g.*, *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 448 (7th Cir. 2007); *BASF AG v. Great Am. Assur. Co.*, 595 F. Supp. 2d 899, 900 (N.D. Ill. 2009).

PAGE 2 - OPINION AND ORDER

analysis thus turns to the second relevant section, Fed. R. App. P. 39(a), that classifies which party is entitled to costs:

> (a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:
> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> (2) if a judgment is affirmed, costs are taxed against the appellant;
> (3) if a judgment is reversed, costs are taxed against the appellee;
> *(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.*

(emphasis added). This case falls under Fed. R. App. P. 39(a)(4). The premiums for the supersedeas bonds are taxable costs only if the appellate court orders so. Here, the Federal Circuit clearly stated that both S&N and Arthrex were to "bear [their] own costs for this appeal." *Smith & Nephew*, 2009 WL 4282012, at *4.

Arthrex asserts that, "with no Federal Circuit case directly on point, the Federal Circuit's deferral of the issue to this court is effectively an expression of its belief that this court *can* award costs for the bond premium." (Def.'s Reply (#715) 3.) This argument fails for two reasons. First, although the Federal Circuit's response to Arthrex's motion for clarification or modification of costs causes some confusion, the court unambiguously stated that "[t]he motion for clarification or modification is denied." *Smith & Nephew*, No. 09-1091 (order denying clarification or modification of costs).  Second, although not issued from the Federal Circuit, a recent case from this district held that:

> Under Fed. R. App. P. 39(a)(4), if a judgment is affirmed in part, reversed in part, modified, or vacated on appeal, costs are taxed only as "the court" orders. In the context of this Rule, "the court" referenced is clearly the Court of Appeals. Under Fed. R. App. P. 39(e), certain costs on appeal are taxable in the District Court "for the benefit of the party entitled to costs under this rule . . . ." In the context of this Rule, a "party entitled to costs under this rule" refers to a party entitled to recover costs under Rule 39(a)(4). Here, plaintiffs are not such parties: Because the Court of

PAGE 3 - OPINION AND ORDER

> Appeals affirmed in part and reversed in part, under Rule 39(a)(4), costs were to be taxed only as the Court of Appeals ordered. Because the Court of Appeals did not order that any costs be taxed, plaintiff was not a "party entitled to costs" under Rule 39(e), and this court cannot award plaintiffs any of the costs enumerated under that Rule.

*Clark v. Capital Credit & Collection Servs., Inc.*, 561 F. Supp. 2d 1213, 1223-24 (D. Or. 2008). As in *Clark*, the Federal Circuit in this case affirmed in part and reversed in part. *See id.* at 1224; *Smith & Nephew*, 2009 WL 4282012, at *4. Under Fed. R. App. P. 39(a)(4), costs are taxed only as the Federal Circuit orders, and the Federal Circuit ordered each party to bear the costs of its own appeal. *See id.* Because the Federal Circuit did not order costs to Arthrex, it is not a "party entitled to costs" under Fed. R. App. P. 39(e). Therefore, I deny the Bill of Costs (#693) because Arthrex is not a "party entitled to costs" of the premium paid for a supersedeas bond under Fed. R. App. P. 39(a) and (e).

## II.     Local Rule 54-1

S&N also argues that Local Rule 54-1 does not allow for the award of costs to a non-prevailing party. (Pls.' Resp. (#697) 7.) Although the debate surrounding who may be the prevailing party in this case is a long and winding road, the analysis need not be undertaken at this juncture. A district court does not have unfettered discretion to award costs to the prevailing party, and absent other authority, it must limit the award of costs to the list of items set forth in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Clark*, 561 F. Supp. 2d at 1224 ("This court does not have authority to tax expenses not enumerated in [§ 1920]"). The authority to tax the costs of the supersedeas bond is not found in 28 U.S.C. § 1920, but rather in Fed. R. App. P. 39. Thus Rule 54(d)(1), as restrained by 28 U.S.C. § 1920, does not entitle Arthrex to the costs of its premium for the supersedeas bond absent Arthrex fulfilling the

PAGE 4 - OPINION AND ORDER

requirements of Fed. R. App. P. 39.

## CONCLUSION

For the foregoing reasons, I DENY Arthrex's Bill of Costs (#693).

IT IS SO ORDERED.

DATED this  21st  day of June, 2010

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge
