IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SMITH & NEPHEW, INC.**, and
**JOHN O. HAYHURST, M.D.**,

        Plaintiffs,

v.

**ARTHREX, INC.**,

        Defendant.

No. CV 04-00029-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Defendant Arthrex, Inc. ("Arthrex") and plaintiffs Smith & Nephew, Inc. and Dr. John O. Hayhurst (together, "S&N") filed cross-motions for summary judgment following remand from the Federal Circuit. Over six and a half years, with two jury trials, this patent infringement case has developed an extensive history and I do not repeat the facts of this case that the parties, and I, know all too well.

## BACKGROUND

    On November 19, 2008, this Court entered judgment in favor of S&N following the second jury trial. The jury determined that Arthrex, through its bone anchors, indirectly infringed S&N's method patent. (*See* Verdict (#489).) Arthrex appealed on several grounds, including

PAGE 1 - OPINION AND ORDER

claim construction, patent invalidity, and *BMC Resources*,[1] while S&N cross-appealed regarding my denial of its supplemental damages request. On December 2, 2009, the Federal Circuit affirmed in part, reversed in part, and remanded the case for further proceedings consistent with its opinion. *Smith & Nephew, Inc. v. Arthrex, Inc.*, Nos. 2009-1091, 2009-1192, 2009 WL 4282012 (Fed. Cir. Dec. 2, 2009). Most importantly for my purposes, the Federal Circuit altered construction of the term "resile," which is particularly important as it informs the meaning of "lodging" and ultimately changes the burden S&N faces in order to prove its infringement claim. *See id.* at 386-87. Now, "'resile' must be construed to mean 'to return to or tend to return to a prior or original position in a manner sufficient to cause the lodging of the member in the hole.'" *Id.* at 387. On remand, both parties moved for summary judgment, contending that the evidence in the record establishes noninfringement (Arthrex) or infringement (S&N). (*See* Def.'s Mot. for Summ. J. (#707); Pls.' Mot. for Summ. J. (#711).)

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted). For cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable

---

[1] Arthrex argued there, as it does here for the second time, that *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) precludes any finding of direct infringement of the SutureTak anchors.

PAGE 2 - OPINION AND ORDER

inferences." *ACLU of Nev. v. City of Las Vegas*, 466 F.3d 784, 790-91 (9th Cir. 2006) (quoting *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003)).

## DISCUSSION

### I.     **Arthrex's Motion for Summary Judgment of Noninfringement**

Arthrex contends that S&N cannot prove, and no reasonable juror could find, that the accused anchors have resilience that is sufficient to cause lodging in the bone under the new claim construction. (Def.'s Mem. in Supp. (#708) 13.) Previously, S&N was only required to prove that resilience contributed, at least in part, to lodging. (*Id.*) The higher burden for S&N created by the Federal Circuit's ruling is at the heart of Arthrex's motion. Despite that higher burden, however, the record contains evidence on which reasonable jurors could rely to find infringement. Ironically, S&N is occasionally forced to cite Arthrex's own experts in addressing that evidence. (*See, e.g.*, Pls.' Br. in Supp. (#712) 14.) Nevertheless, when the evidence is viewed in the light most favorable to the nonmoving party, Arthex's motion for summary judgment on infringement must be denied.[2]

### II.    **Arthrex's Motion for Summary Judgment on *BMC Resources***

In its motion, Arthrex also urges me to reconsider my earlier ruling that it waived any affirmative defense contending that surgeons do not directly infringe the relevant method patent because they do not perform every step. (Def.'s Mem. in Supp. (#708) 29-30.) S&N makes

---

[2] Despite the parties' disagreement about its import, I simply note that the Federal Circuit expressly denied Arthrex's request on appeal for a finding of noninfringement under the new claim construction. *Smith & Nephew*, 2009 WL 4282012, at *2 ("Arthrex argues that in light of the claim construction we have adopted, the district court should be instructed to enter judgment of noninfringement in Arthrex's favor. We disagree. Reasonable jurors could find infringement even under the revised claim construction.").

PAGE 3 - OPINION AND ORDER

several arguments in opposition, the first of which is that I do not actually have jurisdiction to make such a ruling in light of the mandate rule. (Pls.' Resp. (#729) 22.) S&N argues that the Federal Circuit's mandate did not preserve this issue for consideration on remand because the issue was implicitly decided on appeal, and the issue was not "explicitly reserved or remanded." (*Id.* (citing *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1364 (Fed. Cir. 2008)); *see also United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987) ("[T]he mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal.").) Neither party disputes that the Federal Circuit was silent on the issue of *BMC Resources*, despite Arthrex's argument on appeal that the case resolves the issue of infringement regarding the SutureTak anchors.

The crux of S&N's argument is that if the Federal Circuit had found in Arthrex's favor on this issue (either finding that I abused my discretion regarding waiver or by addressing the merits), it necessarily would have remanded only *part* of the case, as to the PushLock anchors only. Any other structure of the remand mandate (e.g., remanding the entire case) would mean that the Federal Circuit rejected Arthrex's argument. If the *BMC Resources* issue was necessary to the ruling but not discussed in the opinion, then I am to resolve the question in a manner consistent with the rest of the opinion and the remand order, which instructs me to apply the new claim construction to the entire case. *See United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) ("The rule of mandate is similar to, but broader than, the law of the case doctrine" and "requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution.") (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)); *see also Firth v. United States*, 554 F.2d 990, 994 n.3 (9th Cir. 1977) (noting that the district

PAGE 4 - OPINION AND ORDER

court "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case") (quoting *Thornton v. Carter*, 109 F.2d 316, 319-20 (8th Cir. 1940)). Here, the Federal Circuit's mandate "remand[ed] for a new trial," without any limit on the products or claims at issue. (*See* Mandate of USCA for the Federal Circuit (#688) 8.)

In the event that this is incorrect and I do have jurisdiction to review Arthrex's argument on reconsideration, I would not change the result I reached previously. *See* Fed. R. Civ. P. 59(e); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (standard for reconsideration). It is worth noting that S&N, in more than six years of litigation, has never made the legal argument that *BMC Resources* found erroneous; that direct infringement could be proven based on the "combined action(s) of one or more persons or entities, . . . jointly liable for the infringement." *See BMC Resources*, 498 F.3d at 1379 (quoting *On Demand Machine Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331, 1344-45 (Fed. Cir. 2006)). Rather, as the jury instructions from the trials reflect, "plaintiffs assert[ed] that the *surgeons* . . . directly infringe claims 1 through 7." (Court's Jury Instruction No. 15 (#327); Court's Jury Instruction Nol. 16 (#487) (emphasis added); *see generally* Pls.' Resp. (#729) 25-27.) Regarding direct infringement, the jury was instructed that "[a] patent claim is literally infringed only if the methods of using Arthrex's suture anchors include each and ever method step" and if not, then "the *surgeons* using these methods do not literally infringe that claim." (Court's Jury Instruction No. 19 (#327); Court's Jury Instruction No. 19 (#487) (emphasis added).) These do not reflect legal error, or reliance on a rule of law that was later clarified or changed. S&N never argued the combined actions of Arthrex and the surgeons created joint liability for infringement, or even that the

PAGE 5 - OPINION AND ORDER

actions combined at all.

While not controlling, I also observe that *On Demand*, the case upon which Arthrex relies to contend that it was unclear whether direct infringement still required a party to perform each step of a method claim, was decided in March of 2006. 442 F.3d at 1331. This is more than two years after S&N filed its initial Complaint (#1) in this case, and almost nine months after Arthrex filed its final Amended Answer (#45). *But see Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984).

### III.    S&N's Motion for Summary Judgment

In a mirror image motion, S&N moves for summary judgment of infringement, arguing that the record establishes that no reasonable juror could make a finding of noninfringement, even under the new construction of "resile." (Pls.' Mot. for Summ. J. (#711).) The arguments back and forth implicate precisely the same factual disputes as mentioned above, and I reaffirm that a reasonable juror could find for either side in light of the evidence presented.

### CONCLUSION

For the foregoing reasons, I DENY both parties' cross-motions for summary judgment. (Def.'s Mot. for Summ. J. (#707); Pls.' Mot. for Summ. J. (#711).) Consistent with my earlier order (#692), I will permit the parties to undergo additional expert discovery in light of the altered claim construction.

The parties must provide initial expert reports and disclosures by November 15, 2010. Rebuttal expert reports are due January 10, 2011, in light of the holiday. These rebuttal reports must not include new testing, but may include precise duplication of opposing experiments or tests. The expert deposition deadline will follow, set for March 11, 2011. The parties must also

exchange all data created in any experiment with the submission of the applicable report, and must permit inspection of test materials, samples, setup, and equipment within 14 days of submission of any report that includes experiments. The parties are requested to confer and submit proposed trial dates to the Court no later than December 1, 2010.

    IT IS SO ORDERED.

    DATED this  31st  day of August, 2010.

                                                    /s/ Michael W. Mosman
                                                  MICHAEL W. MOSMAN
                                                  United States District Judge