```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF OREGON

SMITH & NEPHEW, INCORPORATED,  )
and JOHN O. HAYHURST, M.D.,    )
                               )
          Plaintiffs,          )   Case No. CV-04-29-MO
                               )
     vs.                       )
                               )
ARTHREX, INC.,                 )   December 16, 2011
                               )
          Defendant.           )   Portland, Oregon
_____)
```

**Telephone Oral Argument**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

```
 1
 2                         APPEARANCES
 3

 4   FOR THE PLAINTIFFS:    Mr. John M. Skenyon
                            Mr. Mark J. Hebert
 5                          Fish & Richardson, PC
                            One Marina Park Drive
 6                          Boston, MA 02110-1878

 7                          Ms. Susan D. Pitchford
                            Chernoff Vilhauer McClung
 8                          & Stenzel, LLP
                            601 S.W. Second Avenue, Suite 1600
 9                          Portland, OR 97204

10

11   FOR THE DEFENDANT:     Mr. Charles W. Saber
                            Mr. Salvatore P. Tamburo
12                          Ms. Megan Sunkel Woodworth
                            Dickstein Shapiro LLP
13                          1825 Eye Street, NW
                            Washington, DC 20006
14

15                          Mr. Anthony Philip Cho
                            Carlson Gaskey & Olds, PC
16                          400 W. Maple Road, Suite 350
                            Birmingham, MI 48009
17

18                          Mr. Peter E. Heuser
                            Schwabe Williamson & Wyatt
19                          1211 S.W. Fifth Avenue, Suite 1900
                            Portland, OR 97204
20

21   COURT REPORTER:        Bonita J. Shumway, CSR, RMR, CRR
                            United States District Courthouse
22                          1000 S.W. Third Ave., Room 301
                            Portland, OR  97204
23                          (503) 326-8188

24

25   ALSO PRESENT:          Mr. John Schmieding
```

```
 1                    (P R O C E E D I N G S)
 2              THE CLERK:  Hello, counsel.  This is the time and
 3   place set for a telephone oral argument in Case No.
 4   3:04-CV-29-MO, Smith & Nephew, Incorporated v. Arthrex,
 5   Incorporated.
 6              We do have a court reporter recording these
 7   proceedings, so we ask that you identify yourself each time
 8   that you speak.
 9              And counsel, could you identify yourself for the
10   record.
11              MR. SKENYON:  This is Jack Skenyon, Fish &
12   Richardson, for the plaintiff.
13              MR. HERBERT:  This is Mark Hebert, also with Fish
14   & Richardson, for the plaintiffs.
15              MS. PITCHFORD:  This is Susan Pitchford with
16   Chernoff Vilhauer for plaintiffs.
17              MR. SABER:  This is Chuck Saber, and with me is
18   Sal Tamburo and Megan Woodworth for defendant.
19              MR. CHO:  This is Anthony Cho for Arthrex.
20              MR. HEUSER:  Peter Heuser with Schwabe Williamson
21   & Wyatt for Arthrex.
22              THE CLERK:  Mr. Schmieding, are you there?
23              MR. SCHMIEDING:  Yes.  This is John Schmieding,
24   general counsel for Arthrex.
25              THE CLERK:  Thank you.
```

1        And here is Judge Mosman.

2        THE COURT: We're here on various motions, the
3   most critical of which is defendant's judgment as a matter
4   of law motion.

5        Before I continue, are you all getting feedback
6   right now?

7        MR. SABER: A little bit. I can understand you,
8   Your Honor, but just a little bit. I think some people may
9   be on speakers. We're not.

10       MR. SKENYON: Seems fine to me, Judge.

11       THE COURT: All right. I'll move forward, then.

12       Before I make any ruling on these matters or
13  entertain further oral argument, I want to first of all say
14  a couple of things. I'm thankful for the briefing in this
15  matter. It is -- you're to be, all of you, congratulated on
16  the quality of the briefing. It helped me a great deal to
17  read it and refine my thinking.

18       And we have discussed the briefing in this case on
19  at least one previous occasion -- probably several -- and
20  this very expertly walks the line between zealous advocacy
21  and improper cheap shots and the like, and all on the
22  correct side of the line. So I'm grateful for that.

23       I'm also -- I don't know if I said this at the
24  close of trial, but I'm appreciative of the professionalism
25  at trial. There were a number of reasons why this trial

1    posed very difficult challenges for the lawyers, requiring
2    last-minute adaptation of trial strategy, and at least some
3    of them was occasioned by my own failure to see as a claim
4    construction issue what I thought was a fact issue.  And
5    I'm -- certainly I'm sure some lawyers would have been
6    tempted to whine about that more than any of you did, so I'm
7    grateful for the way in which you all conducted the trial.
8           I will say that there may be an element of
9    serendipity in all of this, in terms of what the way this
10   trial played out will give the Federal Circuit in terms of
11   choices.
12          And lastly, I'm thankful for your assistance with
13   the practical joke that we played at trial.  All of you went
14   above and beyond the call of duty.  And it's probably just a
15   blip on the screen for you, but it's become minor legend
16   around here.  And so as payback for your help to me, I just
17   want you to know that I've greatly exaggerated your singing
18   abilities in the telling of the tale.
19          All right.  Let's take up the JMOL motion.
20          Here's what I'd like to do.  As I said, I have
21   paid close attention to your briefing in this case, and of
22   course it's a matter that we gave a great deal of discussion
23   to during trial.  So I'd like you to resist the temptation
24   to argue what you've already written to me.  I know the
25   matter is an important one, but let's be candid, it's a

```
 1  matter that will go to the Federal Circuit on de novo
 2  review.
 3           If you feel, in light of all the briefing now in
 4  front of you, that there's a point you'd like to either
 5  emphasize that you feel was unduly underemphasized, or make
 6  a point that you don't think you've had a chance to make
 7  yet, then that's why we're here, for that sort of oral
 8  argument.
 9           And I'll start with the moving party, Arthrex, on
10  the JMOL motion.
11           MR. SABER:  Your Honor, like I'm sure Mr. Skenyon,
12  I had the opportunity to reread the briefs this week, and
13  frankly, I have very, very little to add to what we said.
14  So I would rest on my briefs.  Of course, if the Court has
15  any questions, I would be more than happy to respond and/or
16  to respond to anything that Mr. Skenyon chooses to raise.
17           THE COURT:  Thank you, sir.
18           Mr. Skenyon, how about you?
19           MR. SKENYON:  Just one thing, Your Honor.  Since
20  Mr. Saber has the reply brief and gets to respond to us,
21  there's only one thing here that I wanted to address, and
22  that is it seems like that the argument is, to the extent
23  not already made, was that according to Arthrex, it seems to
24  be depending upon a construction here that is based upon an
25  incorrect assumption.  They make some statement of, "To
```

1  state the obvious, the claim must cover all aspects of a
2  fully functional method for the surgery."
3          And that's something we haven't had an opportunity
4  to -- we haven't discussed, we haven't had an opportunity to
5  address before.  But I think briefly what I would say would
6  be -- I just direct the Court's attention to the actual
7  claim language.  The claims, the independent claims at
8  issue, 1 2, 3 and 6, only Claim 1 refers to attaching the
9  tissue to the suture, and that's so that the tissue can be
10 secured against the bone.
11         The other independent claims are not for a
12 complete method here, not dealing with the complete surgical
13 method.  They stop at the point where the member is simply
14 inserted into the bone here.
15         So what I'm taking issue with with the statements
16 that I think appear in Arthrex's reply brief, where they
17 talk about stating the obvious, that the claim must cover
18 all aspects of a fully functioning method, and that's not --
19 it's less than that here in terms of what the actual claim
20 method does cover.
21         And that's really the only issue I wish to address
22 here that isn't, I think, fully briefed by both parties.
23         THE COURT:  Thank you, sir.
24         Mr. Saber, do you wish to be heard further on that
25 issue?

```
 1              MR. SABER:  Yeah, just very briefly.
 2              I don't think that that's an accurate quote from
 3   my brief.  What we certainly did say in the brief, frankly,
 4   and in our opening brief as well, is that the language of
 5   this claim clearly claims an anchor -- well, it's a method
 6   for anchoring in bone a member and attached suture.
 7              And when you read the specification with the
 8   language of the claim, there's just no doubt -- and this is
 9   true for every claim -- that what is claimed is a suture
10   anchor that works, that does what the -- what both common
11   sense and the specification says.
12              I mean, I don't quibble with what Mr. Skenyon
13   says, that you don't have to call out every step, but this
14   is a claim that clearly calls out what the anchor does, that
15   it anchors the member in bone to perform the surgery.
16   That's the point that we made, and that's the point we made
17   in our opening brief and we made in our reply brief, and we
18   believe that's consistent with the language of the claim, as
19   well as plainly the specification of the -- as explained in
20   the specification.
21              THE COURT:  Thank you.
22              Once it became clear that there were two choices
23   regarding claim construction at the third trial, then what
24   to do followed two different paths.  We took at trial choice
25   A, which we'll just as a way of shorthand refer to as Smith
```

1    & Nephew's claim construction.  And we now know that a jury
2    would find for Smith & Nephew on that theory, on that claim
3    construction.
4            Arthrex, among the various theories for its motion
5    for judgment as a matter of law, seeks judgment as a matter
6    of law even under Smith & Nephew's claim construction,
7    arguing that even on that theory, no rational jury could
8    find for plaintiff.
9            And I deny the motion for judgment as a matter of
10   law on that particular theory.  In other words, I would
11   uphold the jury's verdict on the claim construction
12   presented to it, which we've called Smith & Nephew's claim
13   construction.
14           Arthrex also says that -- again, in the teeth of
15   the jury's verdict in this case -- I should nevertheless
16   grant motion for judgment as a matter of law on indirect
17   infringement and also on willfulness.
18           And I rarely -- and perhaps never before -- have
19   granted a motion for judgment as a matter of law on an issue
20   decided by a jury on a factual basis, but I have to call
21   them like I see it, and here I agree with Arthrex, that
22   despite this jury having done so, no rational jury could
23   find indirect infringement for the reasons stated by
24   Arthrex, nor could any rational jury find willfulness in
25   this particular case.  And I rely again on Arthrex's

1  arguments, and in particular on *iLOR v. Google*.

2  More fundamentally, what the jury didn't get was
3  choice B; that is, Arthrex's theory of claim construction.
4  And I made it pretty clear at trial and now hold that
5  Arthrex's proposed claim construction made right at the
6  start of trial was the correct one, and I hold that, of
7  course, under that claim construction no rational jury could
8  do anything other than find for Arthrex on infringement.

9  In that same line of reasoning, of course, if I
10  didn't grant JMOL on that claim construction, a new trial
11  would be necessary, and of course for those reasons that
12  I've just given, those holdings, I deny Smith & Nephew's
13  motion for bill of costs for fees for a permanent injunction
14  and for enhanced damages.

15  I invite Arthrex to submit a proposed judgment
16  after sending it first to Smith & Nephew, and any other
17  post-trial motions necessitated by this ruling.  Those are
18  due no later than January 18, 2012.

19  Anything further from Smith & Nephew today?

20  MR. SKENYON:  No, Your Honor.

21  THE COURT:  From Arthrex?

22  MR. SABER:  No, Your Honor.

23  THE COURT:  Thank you all.  Good day.

24  (Proceedings concluded.)

25

1
2                              --o0o--
3
4          I certify, by signing below, that the foregoing is
5  a correct transcript of the record of proceedings in the
6  above-entitled cause.  A transcript without an original
7  signature or conformed signature is not certified.
8
9
   */s/Bonita J. Shumway*                    *12/22/2011*
10 _____    _____
   BONITA J. SHUMWAY, CSR, RMR, CRR    DATE
11 Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25