IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SMITH & NEPHEW, INC., et al.**,

    Plaintiffs,

v.

**ARTHREX, INC.**,

    Defendant.

No. 3:04-cv-00029-MO

OPINION AND ORDER

**MOSMAN, J.**,

In the third trial in this case, the jury returned a verdict in favor of Smith & Nephew, Inc. ("Smith & Nephew") and John Hayhurst on their claims against Arthrex, Inc. ("Arthrex"). I then granted Arthrex judgment as a matter of law and Arthrex now seeks $245,407.26 in costs [1040].

## DISCUSSION

Federal Rule of Civil Procedure 54(d) establishes "a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Specific recoverable costs are listed in 28 U.S.C. § 1920.

Plaintiffs first argue I should not award costs at all because they obtained a favorable jury verdict and, before the case went to trial, overcame several defenses and counterclaims. I reject

1 – OPINION AND ORDER

this argument because Arthrex obtained judgment in its favor on plaintiffs' infringement claims, which were the initial and predominant claims at issue, and it should therefore be considered the "prevailing party" under Rule 54. *See, e.g., San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) ("Courts consistently confirm that a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d). Nor is it necessary for a party to prevail on all of its claims to be found the prevailing party.") (quotation and citations omitted); *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 959, 961 (E.D. Pa. 1984).

Plaintiffs next make four narrower objections. First, they argue I should not award costs Arthrex incurred pursuing affirmative defenses and counterclaims of invalidity and unenforceability because those defenses and counterclaims did not ultimately carry the day. (Pls.' Obj. [1043] 2–5). This objection fails. Arthrex's invalidity and unenforceability allegations were defensive in nature, as they were aimed at defeating plaintiffs' infringement claims.[1] And the fact that Arthrex did not prevail on these theories does not mean costs incurred developing them were not "necessarily obtained." *See* 28 U.S.C. § 1920(2), (4); *K-2 Ski Co. v. Head Ski Co., Inc.,* 506 F.2d 471, 477 (9th Cir. 1974) (holding district court properly declined to apportion costs prevailing party incurred for special master, despite fact that prevailing party only recovered on two out of twelve claims special master evaluated); *Coulter v. Newmont Gold Co.*, 873 F. Supp. 394, 396 (D. Nev. 1994) (explaining that the fact that a cost "appears, in hindsight, not to have been absolutely essential to the prevailing party's case, is no basis for denying recovery").

---

[1] Arthrex did raise an infringement counterclaim. (Am. Answer [45] 5). However, the parties settled that counterclaim, including costs, and it appears Arthrex does not now seek costs incurred solely for that counterclaim. (Pls.' Obj. [1043] 3) (explaining the parties already apportioned by 50% costs "related, in part, to Arthrex's counterclaims for infringement").

2 – OPINION AND ORDER

Additionally, even if some apportionment were appropriate here, plaintiffs have not suggested a workable way to apportion costs. They propose reducing by half costs that "did not solely relate to the issue of infringement." (Pls.' Obj. [1043] 3). For example, plaintiffs would reduce by half costs associated with deposing two experts because those experts issued reports addressing invalidity—a defense Arthrex did not prevail on—and infringement. (*Id*. at 4). That deduction would go too far because, logically, more than half of the costs associated with these depositions would have been incurred even if only infringement were discussed.

Second, plaintiffs raise several arguments as to why I should not award $60,062.00 in costs Arthrex seeks for preparing and presenting demonstrative exhibits before and during the 2011 trial. (Pls.' Obj. [1043] 6).[2] I find these costs were necessarily incurred due to the complexity and volume of the evidence. Plaintiffs take issue with Arthrex's documentation, but the bills Arthrex submitted and the explanation in its reply brief are sufficient. (*See* Def.'s Reply [1047] 4).

Third, plaintiffs argue Arthrex cannot recover costs for shipping and delivery of transcripts. (Pls.' Obj. [1043] 7). However, costs of delivery are generally necessary since an undelivered transcript is of little use. *See, e.g., Jones v. Cnty. of Sacramento*, 09-1025-DAD, 2011 WL 3584330, at *2 (E.D. Cal. Aug. 12, 2011) ("With respect to the shipping and handling of deposition transcripts, the court will allow shipping costs related to the transcripts, as they are associated with court reporters' fees and were necessarily incurred in order to obtain the transcripts.") (alteration and quotation omitted). I therefore reject this argument.

Lastly, plaintiffs argue I should not award $3,573.63 in costs for two witnesses who did not testify at the 2011 trial. (Pls.' Obj. [1043] 8). I agree with plaintiffs on this point. Witness

---

[2] Plaintiffs claim Arthrex seeks $69,271.75 for demonstrative evidence at the 2011 trial. However, that is the total amount Arthrex seeks for all three trials and plaintiffs raise no argument as to costs associated with the other trials.

3 – OPINION AND ORDER

costs are sometimes recoverable even for witnesses who do not testify. *See, e.g., United States ex rel. Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996). However, the proponent must explain why the costs were necessarily incurred although the witness's testimony was ultimately unnecessary. *See, e.g., id.; Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 07-0348-LJO, 2008 WL 5135826, at *6 (E.D. Cal. Dec. 8, 2008). Arthrex has not done so with sufficient specificity. (Def.'s Reply [1047] 6–7). Accordingly, I deduct $3,573.63 from Arthrex's bill of costs.

## CONCLUSION

I GRANT IN PART AND DENY IN PART the Bill of Costs [1040] and award Arthrex costs in the amount of $241,833.63.

IT IS SO ORDERED.

DATED this   30th   day of    March   , 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER