**PETER E. HEUSER, OSB No. 811281**
PHeuser@schwabe.com
**BRANTLEY C. SHUMAKER, OSB No. 065093**
BShumaker@schwabe.com
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204
Telephone: (503) 222-9981

**CHARLES W. SABER, admitted** *pro hac vice*
SaberC@dicksteinshapiro.com
**SALVATORE P. TAMBURO, admitted** *pro hac vice*
TamburoS@dicksteinshapiro.com
**MEGAN S. WOODWORTH, admitted** *pro hac vice*
WoodworthM@dicksteinshapiro.com
**S. GREGORY HERRMAN, admitted** *pro hac vice*
HerrmanG@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200

**ANTHONY P. CHO, admitted** *pro hac vice*
ACho@cgolaw.com
CARLSON, GASKEY & OLDS, P.C.
400 West Maple Road, 350
Birmingham, Michigan 48009
Telephone: (248) 988-8360

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SMITH & NEPHEW, INC,** and **JOHN O. HAYHURST, M.D.**,<br><br>       Plaintiffs,<br>    v.<br><br>**ARTHREX, INC.**,<br><br>       Defendant. | Case No. 3:04-cv-00029-MO<br><br>**ARTHREX'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY A NEW TRIAL ON THE ISSUE OF LOST PROFITS**<br><br><u>**REQUEST FOR ORAL ARGUMENT**</u> |

## I.     INTRODUCTION

Defendant, Arthrex, Inc. ("Arthrex") hereby renews its Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) or alternatively a Motion for a New Trial Pursuant to Fed. R. Civ. P. 59 on the issue of whether Plaintiffs Smith & Nephew, Inc. and Dr. John Hayhurst ("S&N" collectively) are entitled to lost profit damages. Following the third trial in this case in 2011, both parties filed numerous post-trial motions, including Arthrex filing a Motion for Judgment as a Matter of Law and an alternative Motion for a New Trial. D.I. 973, 976. Among other things, Arthrex explained that it was entitled to judgment with respect to the damages award, because no reasonable juror could have found that S&N was entitled to lost profits on the record presented. Arthrex alternatively sought a new trial on this issue because the jury verdict was against the clear weight of the evidence.

On December 16, 2011, the Court held a telephonic oral hearing on Arthrex's motions. As a result of that hearing, the Court entered judgment for Arthrex with respect to liability, without addressing Arthrex's motions relating to damages. The Court's silence made sense, because the Court's ruling negated the jury's verdict awarding damages.

S&N appealed, and a divided panel of the Federal Circuit agreed with S&N that under the claim construction given to the jury, that S&N presented sufficient evidence of direct and indirect infringement. *Smith & Nephew, Inc. v. Arthrex, Inc.,* No. 2012-1265, 2103 U.S. App. LEXIS 1038 (Fed. Cir. Jan. 16, 2013). The Federal Circuit reversed the grant of judgment for Arthrex and remanded to this Court "for further proceedings not inconsistent with this Opinion." *Id.* at *14.

In light of this procedural history, it is now appropriate for the Court to consider Arthrex's request for judgment, or alternatively a new trial, on the award of lost profits. *Laitram Corp. v. NEC Corp.*, 62 F.3d 1388 (Fed. Cir. 1995) (holding that after the court's mandate to

Page 1   ARTHREX'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY A NEW TRIAL ON THE ISSUE OF LOST PROFITS

DSMDB-3163363

"'reinstate the jury verdict,' it was within the power of the district court (and outside the scope of the mandate) to rule on the two remaining motions for JMOL…and because the issues were no longer moot and could have affected aspects of the final judgment in the suit, the district court *was obligated* to rule on them") (emphasis added).  Arthrex properly preserved this issue on appeal, explaining to the Federal Circuit that even if it overturned the question of liability, there were additional unresolved issues, such as Arthrex's arguments on lost profits, that remained for the district court to consider.  Exh. 1, Saber Decl. at 45-46.   The Federal Circuit agreed, because rather than directing entry of judgment, it "remand[ed] to the court for further proceedings." *Smith & Nephew, Inc.,* 2103 U.S. App. LEXIS 1038, at *14.

Arthrex believes that the issues relating to lost profits in Arthrex's Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) and its Alternative Motion for a New Trial Pursuant to Fed. R. Civ. P. 59 have been fully briefed and are ready for the Court's consideration as previously submitted.  Accordingly, the Court is directed to the following docket entries:

- DI 0973 (Arthrex Inc's Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b), Renewing Its Motion Under Fed. R. Civ. P. 50(a))
- DI 989 (Memorandum In Support) at Section VI
- DI 1014 – (Plaintiffs' Opposition) at Section VI
- DI 1027 – (Arthrex's Reply) at Section V

- DI 0976 – (Arthrex Inc.'s Alternative Motion For a New Trial Pursuant to Fed. R. Civ. P. 50(c), 59)
- DI 977- (Memorandum In Support) at Section III(B)(2)
- DI 1015 – (Plaintiffs' Opposition) at Section III(C); and
- DI 1029 – (Arthrex's Reply) at Section III.

## II.     CONCLUSION

For the reasons presented in Arthrex's Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) and its Alternative Motion for a New Trial Pursuant to Fed. R. Civ. P.

59, the Court should direct judgment that S&N is not entitled to lost profits as a matter of law.

Alternatively, the Court should grant a new trial on the issue of damages.

Dated: May 6, 2013　　　　　　　　　　　By:　/s/ Charles W. Saber

　　　　　　　　　　　　　　　　　　　　　　Charles W. Saber
　　　　　　　　　　　　　　　　　　　　　　Salvatore P. Tamburo
　　　　　　　　　　　　　　　　　　　　　　Megan S. Woodworth
　　　　　　　　　　　　　　　　　　　　　　DICKSTEIN SHAPIRO LLP
　　　　　　　　　　　　　　　　　　　　　　1825 Eye Street NW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20006-5403
　　　　　　　　　　　　　　　　　　　　　　Tel: (202) 420-2200
　　　　　　　　　　　　　　　　　　　　　　SaberC@dicksteinshapiro.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, I caused the foregoing **ARTHREX'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY A NEW TRIAL ON THE ISSUE OF LOST PROFITS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| Counsel for Smith & Nephew Inc. and John O. Hayhurst, M.D. | |
|---|---|
| Susan D. Pitchford<br>sdp@chernofflaw.com<br>CHERNOFF, VILHAUER, McCLUNG & STENZEL, LLP<br>1600 ODS Tower<br>601 SW Second Avenue<br>Portland, OR 97204<br>Tel: (503) 227-5631<br><br>Brenna K. Legaard<br>legaardb@lanepowell.com<br>LANE POWELL PC<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204<br>Tel: (503) 503 778-2166 | John M. Skenyon<br>skenyon@fr.com<br>Mark J. Hebert<br>hebert@fr.com<br>Michael C. Lynn<br>Lynn@fr.com<br>FISH & RICHARDSON, PC<br>One Marina Park Drive<br>Boston, MA 02110-1878<br>Tel: (617) 542-5070<br><br>Gregory R. Booker<br>Booker@fr.com<br>Fish & Richardson, P.C.<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19899-1114<br>Tel: (302) 652-5070 |

By:  /s/ Charles W. Saber

Charles W. Saber
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
SaberC@dicksteinshapiro.com