**PETER E. HEUSER, OSB No. 811281**
PHeuser@schwabe.com
**BRANTLEY C. SHUMAKER, OSB No. 065093**
BShumaker@schwabe.com
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204
Telephone:  (503) 222-9981

**CHARLES W. SABER, admitted** *pro hac vice*
SaberC@dicksteinshapiro.com
**SALVATORE P. TAMBURO, admitted** *pro hac vice*
TamburoS@dicksteinshapiro.com
**MEGAN S. WOODWORTH, admitted** *pro hac vice*
WoodworthM@dicksteinshapiro.com
**S. GREGORY HERRMAN, admitted** *pro hac vice*
HerrmanG@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone:  (202) 420-2200

**ANTHONY P. CHO, admitted** *pro hac vice*
ACho@cgolaw.com
CARLSON, GASKEY & OLDS, P.C.
400 West Maple Road, 350
Birmingham, Michigan 48009
Telephone:  (248) 988-8360

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **SMITH & NEPHEW, INC,** and **JOHN O. HAYHURST, M.D.**, <br><br>                                  Plaintiffs, <br>         v. <br><br> **ARTHREX, INC.**, <br><br>                                  Defendant. | Case No.  3:04-cv-00029-MO <br><br> **ARTHREX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT** <br><br> **REQUEST FOR ORAL ARGUMENT** |

I.      INTRODUCTION

Defendant, Arthrex, Inc. ("Arthrex") hereby opposes Plaintiffs Smith & Nephew, Inc. and Dr. John Hayhurst ("S&N" collectively)'s Motion for Judgment. S&N's motion is premature because there are several outstanding motions that this Court should consider before entering judgment. These motions, described below, are: (1) Arthrex's Renewed Motion for a New Trial Under Rule 59, (2) Arthrex's Renewed Motion for Judgment as a Matter of Law or Alternatively a New Trial on Lost Profits, (3) Arthrex's Motion for a New Trial Or For Relief Under Rule 60 Relating to Invalidity, and (4) Arthrex's Motion for Summary Judgment Of Invalidity (Double Patenting). If any one of these motions is granted, then judgment will not be entered in favor of S&N.

The Court is well versed in the lengthy procedural background of this case; only relevant details are repeated here for the Court's convenience. Just prior to and during the third trial in this case in 2011, it became clear to the Court that both parties believed that the "lodging" construction needed to be changed, although they had different interpretations for what "lodging" meant within the context of the '557 patent. Although this Court believed that Arthrex's proposed construction was the correct one, it gave the jury a construction of lodging that mirrored S&N's position. See DI 922; Exh. 1, Saber Decl., at 1472-73; 1485. As the Court explained, it did that "for purely pragmatic reasons," expressing its view that it thought that Arthrex was likely to prevail even under S&N's construction. *Id.* at 1489-90.

The jury, however, found for S&N, and the Court subsequently entered judgment in favor of S&N. D.I. 965. Both parties thereafter filed numerous motions, including Arthrex filing a Motion for Judgment as a Matter of Law and an alternative Motion for a New Trial. D.I. 973, 976. Both of Arthrex's motions argued, *first*, that the claim construction provided to the jury during trial was incorrect, and that under the correct construction Arthrex was entitled to

judgment. S*econd*, Arthrex argued that even if the instruction was correct, Arthrex was entitled to judgment or at least a new trial as to direct infringement. Arthrex also argued that it was entitled to JMOL or a new trial on indirect infringement. Finally, Arthrex argued that it was entitled to judgment as a matter of law with respect to the damages award, because no reasonable juror could have found that S&N was entitled to lost profits on the record presented.

On December 16, 2011, the Court held a telephonic oral hearing on Arthrex's motions. The Court agreed with Arthrex that the claim construction for "lodging" given to the jury was not correct, and that under the proper construction, Arthrex was entitled to judgment and conditionally a new trial. Exh. 2, Saber Decl., at 10. The district court also held that Arthrex, notwithstanding the jury's verdict, was entitled to judgment with respect to the issue of indirect infringement. *Id.* at 9-10. The Court denied Arthrex's JMOL under S&N's construction, finding S&N presented sufficient evidence under that construction to uphold the verdict with respect to direct infringement. It did not rule upon the motion for a new trial under S&N's construction or on the outstanding JMOL or new trial motions on damages. *Id.*

After the Court entered judgment for Arthrex, S&N appealed. The Federal Circuit agreed with S&N that the claim construction given to the jury was proper. Under that construction, the Court found that S&N presented sufficient evidence of direct infringement. *Smith & Nephew, Inc. v. Arthrex, Inc.,* No. 2012-1265, 2103 U.S. App. LEXIS 1038 (Fed. Cir. Jan. 16, 2013). The divided panel also found sufficient evidence to support the jury's verdict of indirect infringement. *Id.* Accordingly, the Federal Circuit reversed the grant of JMOL for Arthrex and remanded to this Court for further proceedings not inconsistent with its opinion. *Id.* at *14. S&N now moves for entry of judgment. Arthrex opposes for the reasons that follow.

**II.     JUDGMENT IS PREMATURE IN LIGHT OF OUTSTANDING MOTIONS**

As demonstrated above, when this Court granted Arthrex's Motion for Judgment of Law in December 2011, there were several issues left unresolved that the Court should now address. While on appeal, Arthrex explained that these issues would need to be addressed by the district court if the Federal Circuit remanded (Exh. 4, Saber Decl., at 45-46), which is why the Court "remanded to [this] court for further proceedings not inconsistent with this opinion." *Smith & Nephew, Inc.*, 2103 U.S. App. LEXIS 1038, at *14.

First, the Court did not rule on Arthrex's Alternative Motion for a New Trial on S&N's construction of "lodging." For the convenience of the Court, Arthrex is filing a Renewed Motion for New Trial concurrently herewith. As explained in more detail in that motion, it is entirely appropriate for this Court to consider Arthrex's Renewed Motion. *Acosta v. City & Co. of San Francisco*, 83 F.3d 1143, 1148 (9th Cir. 1996) (holding that appellant did not waive seeking a ruling on an unresolved new trial motion which could be considered on remand); *Exxon Chemical Patents, Inc. v. The Lubrizol Corp.*, 137 F.3d 1475 (Fed. Cir. 1998) (holding the district court erred by not considering a motion for new trial on remand).

Second, the Court did not rule on Arthrex's 2011 Motion for Judgment as a Matter of Law (and its corresponding Alternative Motion For a New Trial) with respect to lost profits. Instead, the Court's other post-trial rulings in 2011 rendered the lost profits question moot. The issue is now ripe, and this Court is "obligated to rule on [it]." *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 953-54 (Fed. Cir. 1997) (holding that after the court's mandate to "'reinstate the jury verdict,' it was within the power of the district court (and outside the scope of the mandate) to rule on the two remaining motions for JMOL…and because the issues were no longer moot and could have affected aspects of the final judgment in the suit, the district court was obligated to rule on them.").

Third, in light of the new claim construction of "lodging" issued by the Federal Circuit, Arthrex now has the right to raise invalidity arguments impacted by that new construction. As this Court knows, the construction of "lodging" became a major dispute leading up to the 2011 trial. The Court granted JMOL after the trial, agreeing with Arthrex that the construction of "lodging" required an anchor with resilience that was sufficient to keep the anchor in the hole throughout the entire surgical process. On appeal, the Federal Circuit rejected this interpretation in favor of a broader construction that only requires resilience that is sufficient to cause the anchor to stay in the bone when pressed in the hole, approving the jury instruction that the anchor need to stay in the hole until the tensioning step (that is, until the start of knot tying). *Smith & Nephew*, 2013 U.S. App. LEXIS 1038, at *7, 10. This broad construction of "lodging" mirrored the construction S&N proposed during the 2011 trial. Exh. 1, Saber Decl., at at 1485.

The Federal Circuit held that when a claim construction is broadened on appeal, in appropriate circumstances, a party can raise new invalidity arguments for consideration on remand. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009). In *Cardiac Pacemakers*, the Federal Circuit reversed a judgment of non-infringement for the defendant in a first appeal due to an erroneous claim construction. The Federal Circuit also considered an obviousness issue in that appeal, rejected the defendant's position, and directed the district court to "reinstate the verdict on validity." 576 F.3d at1353. On remand, the accused infringer moved for summary judgment, urging that the patent was invalid for anticipation, a motion which the district court granted. *Id.* at 1353-54. In a subsequent appeal, the patentee argued that the district court was prohibited from considering the new anticipation argument. The Federal Circuit disagreed. Even though it had previously considered invalidity issues, the Court explained that a changed claim construction permits a new invalidity argument as long as

it is a "directly related new issue" to the change in construction. *Id.* at 1356.[1] *See also Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1783-84 (Fed. Cir. 1998).

Without question, the second appeal in this case resulted in a change in the claim construction for "lodging." Before the appeal, this Court's construction required that the suture anchor have sufficient resilience to be securely in the bone such that it could withstand the forces of surgery. *Smith & Nephew*, 2013 U.S. App. LEXIS 1038, at *4. The Federal Circuit reversed the judgment of non-infringement by broadening this construction of "lodging," such that it only requires sufficient resilience of the anchor to make it "stay[] in place after being initially pressed into the bone." *Id.* at *9. The Court ultimately concluded that the jury was properly instructed that "resilience must be sufficient to maintain the anchor in the hole up to the point that the suture is tensioned." *Id.* at *10; Exh. 1, Saber Decl., at 1628 (jury instruction on "lodging").

This Court previously considered whether a change in claim construction necessitated a reopening of invalidity arguments in 2010, after the first Federal Circuit appeal. In that appeal, the Federal Circuit *narrowed* the Court's construction of "resilience," holding that it had to be "sufficient to cause the lodging of the member in the hole," rather than simply contributing to such lodging. *Smith & Nephew, Inc. v. Arthrex, Inc.*, 355 Fed. App'x at 384, 387 (Fed. Cir. 2009). The parties disputed whether this change permitted Arthrex to present new invalidity arguments. DI 686. Arthrex argued that it did. S&N argued the opposite, specifically stating that because "the change in claim construction for 'resiles' *only narrowed* that construction, any invalidating art under the new construction would also have been invalidating art under the old construction, and therefore, it was required to be disclosed by Arthrex long ago." D.I. 686, at 3

---

[1] Ultimately, the Federal Circuit ruled that the defendant's new argument was not related to the change in claim construction on appeal. But the Court ruled that a new invalidity argument would be permitted as long as it was "directly related" to the change in claim construction. *Cardiac Pacemakers*, 576 F.3d at 1356.

(emphasis added). The Court agreed, and it did not permit Arthrex to raise new invalidity arguments at that time. Exh. 3, Saber Decl., at 8-9. But the converse is also true – now that the Federal Circuit *broadened* the claim construction, this change opens the scope of potentially invalidating prior art beyond what was previously considered.[2]

Even if the Court were to decide that a validity challenge cannot be raised in this case, there is a second, independent reason that judgment should not be entered at this time. This Court has already ruled that Arthrex is entitled to raise invalidity defenses in the second S&N case (filed in 2008) that were not raised in the current case. *See Smith & Nephew, Inc. et al v. Arthrex, Inc.*, No. 3:08-cv-00714-MO, Order at 2 (D. Or. Jan. 30, 2009). Attached hereto is the new prior art (to date) that Arthrex intends to submit in the 2008 case. Exhs. 5-23, Saber Decl. Some of this art is so strong that Arthrex intends to file a prompt motion for summary judgment once the stay is lifted in that case.[3]

For example, a 1979 published UK Patent Application, GB 2017503, discloses a bone plug that it inserted into a preexisting bone hole. Exh. 5, Saber Decl. This reference discloses a plug that has resilient rings around its circumference, and when it is inserted into the hole, the resilient rings bend upwards to maintain the plug in the hole. Thus, it is resilience alone that keeps it in the hole. When combined with a suture anchor (as has been done with other references without objection), it will invalidate the '557 patent claims.[4]

---

[2]  The specific new invalidity arguments that Arthrex intends to raise and the reasons in support are explained in detail in Arthrex's Motion for Further Proceedings On Prior Art Invalidity and/or To Reopen the Validity Judgment Under Fed. R. Civ. P. 60(b), and Arthrex's Motion for Summary Judgment of Invalidity (Double Patenting) or to Reopen the Judgment of Validity Under Red. R. Civ. P. 60(b), both of which are being filed concurrently.

[3]  Indeed, the parties have agreed that the stay should now be lifted. Exh. 24, Saber Decl.

[4]  More specific details will be provided in the summary judgment motion to be filed when the stay is lifted in the second case, and the Court will be asked to decide the issue at that time. But the point is clear; summary judgment of invalidity based on this (and other) prior art is a

Because validity may be decided shortly, this Court should stay entry of a final judgment granting damages or other relief until the validity of the '557 patent is conclusively decided, as has been done in similar circumstances by other courts. *See Std. Havens Prods., Inc. v. Gencor Indus., Inc.*, 93-1208, 1993 U.S. App. LEXIS 11963, at *2 (reversing the district court's denial of a motion to stay an injunction and damage award pending a final decision in a co-pending reexamination at the U.S. Patent and Trademark Office); *Flexiteek Am., Inc. v. Plasteak, Inc.*, No. 08-60996, 2012 WL 536423 (S.D. Fla. Sept. 10, 2012) (discussing procedural history including a stay of execution of final judgment upon a negative ruling from the PTO regarding the asserted patent).

The reason a stay is appropriate is because a judgment of invalidity of the '557 patent in the second S&N case can, and should, be given preclusive effect in this case. In similar circumstances, the Federal Circuit has applied the principle of collateral estoppel to prohibit entry of a judgment of infringement of a patent in one case based on a later invalidation of the same patent in another case. *Thompson-Hayward Chemical Co. v. Rohm & Haas Co.*, 745 F.2d 27 (Fed. Cir. 1984). In *Thompson-Hayward,* the court was faced with an appeal of a judgment of infringement where the patent had been found invalid in connection with another proceeding. *Id.* at 31-32. The defendant in *Thompson-Hayward,* however, had not previously raised invalidity as an affirmative defense in the case. *Id.* at 29. Although acknowledging that the invalidity challenge was not properly presented in the first case, the Court held that there was "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain" that overrode whether the procedural interest of whether the invalidity

---

serious and likely event. Prudence dictates that the better course is to decide that motion before entering judgment in this case, as explained below.

challenge was properly presented. *Id.* at 32-33. The Federal Circuit ultimately vacated the judgment of infringement and directed the district court to dismiss the action. *Id.* at 33. The same interest identified in *Thompson-Hayward,* would be thwarted by enforcing a monetary judgment (and possible injunction) against Arthrex in this case, as S&N is proposing. *Id.*

Likewise in *Mendenhall v. Barber-Green Co.*, 26 F.3d 1573 (Fed. Cir. 1994), the Federal Circuit reversed a denial of a defendant's motion to vacate a judgment of infringement where the asserted patent was subsequently found invalid in connection with another litigation. The Court held that collateral estoppel prohibited the plaintiff from recovering for infringement, explaining "[b]ecause the [asserted] patents are invalid, the plaintiffs cannot now enjoin or recover damages from these defendants." *Id.* at 1578, 1584. The court rendered this decision even through the patent had previously been adjudicated to be valid in the first case. *Id.* at 1576. *See also Translogic Tech., Inc. v. Hitachi, Ltd.*, No. 2005-1387, 250 Fed. Appx. 988 (Fed. Cir. Oct. 12, 2007) (vacating a judgment of infringement and ordering dismissal where a co-pending appeal held the asserted patent invalid).

Another district court recently relied on similar logic in granting a motion for relief from judgment under Rule 60(b)(6) where the asserted patent was invalidated during a reexamination proceeding after a monetary judgment and injunction were awarded but before either was enforced. *Flexiteek Am., Inc. v. Plasteak, Inc.*, No. 08-60996, 2012 WL 536423 (S.D. Fla. Sept. 10, 2012). In *Flexiteek*, the plaintiff received a final judgment awarding monetary damages and an injunction for infringement; this relief was originally stayed by the district court upon a finding of invalidity at the Patent Office on the only asserted claim. *Id.* at *1-4. After appellate review affirming the invalidation, the defendant moved for relief from the judgment under Rule 60(b). *Id.* at *4. The district court granted the motion, holding that "it would be inequitable and

unjust to let stand, let alone enforce, an injunction and an unexecuted money judgment predicated on a patent claim found to be invalid." *Id.* at *9. For the same reasons here, the court should delay entry of judgment and consideration of an injunction until it considers Arthrex's new invalidity challenges based on the revised claim construction.

Finally, Arthrex will be filing a petition for certiorari to the United States Supreme Court on the issue of indirect infringement. Particularly in light of the other outstanding issues before this Court discussed above, that petition presents another reason that an immediate entry of judgment is not appropriate. This Court should delay judgment until the Supreme Court has had time to consider the important issues relating to the knowledge requirement for indirect infringement raised in this case.

## III.    OBJECTIONS TO THE PROPOSED JUDGMENT

Even if the Court disagrees with Arthex that it is premature to enter judgment in light of the outstanding issues, Arthrex disagrees with the general statement in the Proposed Order suggesting that S&N is entitled to "further interest to be calculated; and further damages to be calculated." DI 1050 at Exh. B. S&N does not explain its basis for any such further monetary compensation. Arthrex expects that if S&N seeks additional monetary compensation that Arthrex will be entitled to respond to such a request before any additional damages are awarded. The vague suggestion that additional money will be awarded should thus be deleted, and the issue of any subsequent damages or interest can be considered at the appropriate time in the context of full briefing of the issue (should S&N seek it).

## IV.  CONCLUSION

For the reasons presented above, Arthrex respectfully requests that the Court delay ruling on S&N's Motion for Entry of Judgment until it has had sufficient time to consider the outstanding issues and motions discussed herein.  Should it grant any of Arthrex's motions filed simultaneously herewith, it will be inappropriate to enter judgment for S&N.

| | |
|---|---|
| Dated:  May 6, 2013 | By:  /s/ Charles W. Saber |
| | Charles W. Saber<br>Salvatore P. Tamburo<br>Megan S. Woodworth<br>SaberC@dicksteinshapiro.com<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone:  (202) 420-2200 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, I caused the foregoing **ARTHREX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| Counsel for Smith & Nephew Inc. and John O. Hayhurst, M.D. | |
|---|---|
| Susan D. Pitchford<br>sdp@chernofflaw.com<br>CHERNOFF, VILHAUER, McCLUNG & STENZEL, LLP<br>1600 ODS Tower<br>601 SW Second Avenue<br>Portland, OR 97204<br>Tel: (503) 227-5631<br><br>Brenna K. Legaard<br>legaardb@lanepowell.com<br>LANE POWELL PC<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204<br>Tel: (503) 503 778-2166 | John M. Skenyon<br>skenyon@fr.com<br>Mark J. Hebert<br>hebert@fr.com<br>Michael C. Lynn<br>Lynn@fr.com<br>FISH & RICHARDSON, PC<br>One Marina Park Drive<br>Boston, MA 02110-1878<br>Tel: (617) 542-5070<br><br>Gregory R. Booker<br>Booker@fr.com<br>Fish & Richardson, P.C.<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19899-1114<br>Tel: (302) 652-5070 |

By:   /s/ Charles W. Saber

Charles W. Saber
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
SaberC@dicksteinshapiro.com