**Susan D. Pitchford, OSB No. 980911**
E-mail: sdp@chernofflaw.com
**CHERNOFF VILHAUER LLP**
601 SW Second Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 227-5631

**John M. Skenyon**, *Pro Hac Vice*
E-mail: skenyon@fr.com
**Mark J. Heber**t, *Pro Hac Vice*
E-mail: hebert@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070

**Gregory R. Booker**, *Pro Hac Vice*
E-mail: booker@fr.com
**FISH & RICHARDSON P.C.**
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SMITH & NEPHEW, INC.** and **JOHN O. HAYHURST, M.D.**, <br><br> Plaintiffs, <br><br> v. <br><br> **ARTHREX, INC.**, <br><br> Defendant. | Civil Case No. 04-00029-MO <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUPPLEMENTAL DAMAGES AND ADDITIONAL PRE-JUDGMENT INTEREST** <br><br> **PATENT CASE** |

## I. INTRODUCTION

In accordance with the Judgment issued by this Court on September 12, 2013 (Dkt. 1114), the plaintiffs, Smith & Nephew, Inc. and Dr. John O. Hayhurst, hereby seek an accounting of supplemental damages for Arthrex's sales of infringing suture anchors for the period from July 1, 2011 through March 31, 2013, which is latest date for which financial information from Arthrex is available.[1]

In addition, the plaintiffs request an award of pre-judgment interest on such supplemental damages, as well as an award of additional pre-judgment interest on the amounts set forth in this Court's Judgment.

## II. BACKGROUND

On June 22, 2011, the jury in the third trial of this case returned a verdict in favor of the plaintiffs. As part of that verdict, the jury awarded both lost profits and reasonable royalty damages, with the combined total amounting to $84,781,424. (*See* Dkt. 936). The damages award was based on sales of Arthrex's infringing suture anchors through June 30, 2011. (Ex. 1, 2011 Trial Trans. p. 757, line 22 to p. 758, line 23 (Troxel); Exhibits 2 and 3 (PDX-505 and PTX-479A)).[2]

Immediately following the verdict, the plaintiffs sought, and this Court awarded, pre-judgment interest on those damages through June 30, 2011 in the amount of $3,533,450. (Dkt. Nos. 939, 979). On July 30, 2011 this Court then entered Judgment in favor of the plaintiffs

---

[1] The Court has also entered an Order of Permanent Injunction (Dkt. 1112, issued September 12, 2013), pursuant to which Arthrex must stop selling the infringing anchors and recall infringing anchors that are in the field. As soon as all of the financial data from those events are reconciled, the plaintiffs intend to file a further motion for a final accounting of supplemental damages and interest.

PAGE 1 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUPPLEMENTAL
DAMAGES AND ADDITIONAL PRE-JUDGMENT INTEREST

which reflected the damages and pre-judgment interest awarded through June 30, 2011. (Dkt. 965). That Judgment also expressly stated that both further damages for Arthrex's infringement and further interest were to be calculated. *Id.*

Thereafter there was an appeal, and on January 16, 2013 the Federal Circuit issued its opinion in that appeal ruling in favor of the plaintiffs, and reinstating the jury's verdict. *Smith & Nephew, Inc. v. Arthrex, Inc.*, 502 Fed.Appx. 945 (Fed. Cir. Jan. 16, 2013). The Federal Circuit's Mandate in that appeal issued on April 12, 2013, remanding this case back to this Court. (Dkt. 1049).

Following post-remand motion practice, this Court again entered Judgment in favor of the plaintiffs which reflected the damages and pre-judgment interest awarded through June 30, 2011. (Dkt. 1114). Like the prior version, the new Judgment also expressly states that both further damages for Arthrex's infringement and further interest are to be calculated. *Id.*

During the entire time of the post-verdict proceedings, including post-trial motions and the appeal, and the most recent round of post-remand motions, up to and including the present day, Arthrex has continued to sell substantial quantities of the suture anchors which were determined by the jury to infringe plaintiffs' '557 patent.[3] Accordingly, plaintiffs now seek an accounting of supplemental damages for such continued infringement, together with the appropriate additional pre-judgment interest.

---

[2] The cited portions of the transcript of the 2011 trial are attached as Exhibit 1 to the Declaration of Susan Pitchford, submitted herewith. Exhibit 2 to that declaration is a damages demonstrative used at the 2011 trial, and Exhibit 3 is a damages exhibit introduced at the 2011 trial.

[3] Since Arthrex's sales data is confidential under the Protective Order, it is presented in the accompanying Troxel Declaration which is filed under seal, but not in this Memorandum.

PAGE 2 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUPPLEMENTAL
    DAMAGES AND ADDITIONAL PRE-JUDGMENT INTEREST

**III.    THE PATENT STATUTE MANDATES AN AWARD OF SUPPLEMENTAL DAMAGES**

35 U.S.C. § 284 provides in relevant part:

> Upon finding for the claimant the court ***shall*** award the claimant damages adequate to compensate for the infringement, but ***in no event less than a reasonable royalty for the use made of the invention by the infringer ...***

(emphasis added). The statute mandates damages for all of the infringement, as the Supreme Court held in *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654-55 (1983):

> At the same time, Congress sought to ensure that the patent owner would in fact receive full compensation for "any damages" he suffered as a result of the infringement.
>
> \* \* \*
>
> Accordingly, Congress expressly provided in § 284 that the court "shall award the claimant damages ***adequate to compensate*** for the infringement."

(emphasis in *General Motors*).

In this case, the damages extend from 2001 to the present. The damages verdict, however, only covers Arthrex's infringing sales through June 30, 2011. Thus, the damages awarded the plaintiffs by the jury are not adequate to compensate for ***all*** of Arthrex's infringement thus far, and the plaintiffs are entitled to supplemental damages for the additional infringing sales. *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212-13 (Fed. Cir. 2010) (reversing district court's refusal to award supplemental damages for infringing sales occurring after entry of judgment, and explaining "the district court should have awarded compensation for any infringement prior to the injunction"); *see also Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 711 F.3d 1348, 1380-1381 (Fed. Cir. 2013) (reversing district court's denial of patentee's motion for an accounting of post-verdict infringement); *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012) ("the trial court abused its discretion when it failed to award, or explain its reasons for denying, damages for the

period between the jury's verdict and judgment"); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 2009 WL 920300, at *3 (D. Ariz. Mar. 31, 2009) (supplemental damages awarded for period after jury verdict), *aff'd*, 670 F.3d 1171 (Fed. Cir. 2012), *aff'd in part, vacated in part, and remanded in part, on other grounds*, 682 F.3d 1003 (Fed. Cir. 2012).[4]

In calculating supplemental damages, the district court should use the methodology that was adopted by the jury. *See SynQor, Inc. v. Artesyn Technologies, Inc.*, 709 F.3d 1365, 1384 (Fed. Cir. 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 772525, *3 (N.D. Cal. March 1, 2013) (court awarded supplemental damages based on extrapolating jury's damages award); *Bard Peripheral Vascular*, 2009 WL 920300, at *3 ("[s]upplemental damages are calculated consistent with the damages awarded in the jury verdict") (quoting *TiVo, Inc. v. Echostar Comm'ns Corp.*, 2006 U.S. Dist. LEXIS 64291, at *7 (E.D. Tex. Aug. 17, 2006)); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 2005 WL 1498667, at *2 (N.D. Ill. June 9, 2005) (setting supplemental damages for the period between the jury verdict and the imposition of permanent injunction based upon extrapolation from the jury's general verdict).

Where, as here, the jury's damages award includes lost profits damages, it is appropriate for the district court to include lost profits in calculating supplemental damages. *See SynQor*, 709 F.3d at 1380-81, 1384; *SynQor, Inc. v. Artesyn Technologies, Inc.*, 2011 WL 2683184, at *7 (E.D. Tex. July 11, 2011); *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2013 WL 4068833, at *9-15 (S.D. Cal. August 12, 2013) (court awarded supplemental lost profits based on methodology used by plaintiff's damages expert); *Bard Peripheral Vascular*,

---

[4] In 670 F.3d 1171 the Federal Circuit affirmed the district court's decision on all grounds, including its award of an ongoing royalty. In 682 F.3d 1003 the Federal Circuit vacated and remanded on the issue of willful infringement, but reaffirmed its prior decision in which it affirmed the district court on all other issues. 682 F.3d at 1005.

PAGE 4 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUPPLEMENTAL
    DAMAGES AND ADDITIONAL PRE-JUDGMENT INTEREST

2009 WL 920300, at *3 ("Thus, the accounting of supplemental damages shall include supplemental post-judgment, lost profits damages.").

IV.   **PLAINTIFFS ARE ENTITLED TO SUPPLEMENTAL DAMAGES CONSISTING OF BOTH LOST PROFITS AND A REASONABLE ROYALTY**

The damages case presented by the plaintiffs at trial involved both lost profits and a reasonable royalty. The lost profits component was based on sales of Smith & Nephew's BioRaptor suture anchors that were lost as a result of infringement by Arthrex's Bio-SutureTak suture anchors. As was established at trial, these anchors are quite similar, and compete on a head-to-head basis in the market for bio-absorbable press-in suture anchors. (2011 Trial Trans., p. 683, line 20 to p. 684, line 23; p. 685, line 10 to p. 687, line 12 (Mahoney); *see also* Dkt. 622, ¶¶ 29-30; Dkt. 1113, ¶¶ 31-32). Following established Federal Circuit law on this issue, the lost profits calculation was based on an assessment of Smith & Nephew's profitability as well as the relative market shares of Smith & Nephew, Arthrex, and other competitors in the relevant market. For this component of damages, the jury accepted Smith & Nephew's methodology, and awarded all of the lost profits damages it sought. (*E.g.*, Exhibit 2; Dkt. 936 (Verdict)).[5]

The reasonable royalty component applied to the remainder of Arthrex's infringing sales, *i.e.*, those infringing Bio-SutureTak anchors for which lost profits were not awarded, and sales of all other infringing Arthrex suture anchors (*i.e.*, PEEK SutureTak, Bio-PushLock and PEEK PushLock). For a reasonable royalty, the plaintiffs sought a rate of 16% of Arthrex's sales. Arthrex proposed a lower rate of 6%. The jury awarded reasonable royalty damages based on a rate of 11%. (2011 Trial Trans., p. 822, line 22 to p. 824, line 4 (Troxel); p. 1386, lines 4-8 (Paris); Exhibits 4 and 5 (PDX-553 and PTX-479I); Dkt. 936).

Accordingly, plaintiffs seek supplemental damages based on the same methodology that was used in the jury's damages award: (1) lost profits for sales of Smith & Nephew's BioRaptor suture anchors that were lost due to infringement by Arthrex's Bio-SutureTak suture anchors, and (2) a reasonable royalty on all other Arthrex infringing suture anchors at the rate of 11% of Arthrex's sales. For the period from July 1, 2011 through March 31, 2013, as set forth in the accompanying Troxel Declaration (¶ 8),[6] these amounts are as follows:

| | |
|---|---|
| Supplemental Lost Profits | $6,255,186 |
| Supplemental Reasonable Royalty | 908,463 |
| Total | 7,163,649 |

## V. PLAINTIFFS ARE ENTITLED TO ADDITIONAL PRE-JUDGMENT INTEREST

After the jury rendered its verdict in the 2011 trial, the plaintiffs sought, and this Court awarded, pre-judgment interest on the jury's damages award through June 30, 2011 in the amount of $3,533,450. (Dkt. 939, 979). This interest was calculated based on the one-year constant maturity Treasury yield rate. (*See* Dkt. 940 at 2-3; Dkt. 942).

Plaintiffs now seek (1) additional pre-judgment interest on the jury's damages award for the period from July 1, 2011 through March 31, 2013, and (2) pre-judgment interest on the supplemental damages set forth above, also through March 31, 2013. As set forth in the accompanying Troxel Declaration (¶¶ 7, 8), using the same methodology as before, these amounts are as follows:

---

[5] As part of the most recent round of post-remand motions, Arthrex again sought to challenge the jury's award of lost profits damages. (*See, e.g.*, Dkt. 1071.) During the hearing on September 9, 2013 the Court denied that motion on both procedural grounds and on the merits. (*See* Dkt. 1110.)

[6] Richard Troxel was plaintiffs' damages expert who testified at all three trials.

      Pre-judgment Interest on Jury's Damages Award    $214,848

      Pre-judgment Interest on Supplemental Damages    7,555

      Total    222,403

## VI. CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that this Court award supplemental damages for Arthrex's infringement in this case for the period from July 1, 2011 through March 31, 2013 in the amount of $7,163,649, and additional pre-judgment interest on Arthrex's damages through March 31, 2013 in the amount of $222,403.

DATED: September 16, 2013

                    CHERNOFF VILHAUER LLP

                    /s/ Susan D. Pitchford
                    Susan D. Pitchford, OSB No. 980911
                    Telephone: (503) 227-5631
                    Of Attorneys for Plaintiffs

23021204.doc