IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SMITH & NEPHEW, INC.,**
and **JOHN O. HAYHURST, M.D.**,

       Plaintiffs,

       v.

**ARTHREX, INC.,**

       Defendant.

No. 3:04-cv-00029-MO

OPINION AND ORDER

       **MOSMAN, J.**,

On March 17, 2015, Defendant Arthrex, Inc. ("Arthrex") filed a Motion for Indicative Ruling [1167] under FRCP 62.1 and a Motion to Reopen the Judgment [1168] under FRCP 60(b). Arthrex argues that judgment in this case should be reopened in light of the Supreme Court's recent holding in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 135 S.Ct. 831 (2015). For the reasons set forth below, both motions are denied.

## BACKGROUND

The present motions pertain to the Federal Circuit's 2013 appellate opinion in this case. Plaintiffs Smith & Nephew, Inc. and John Hayhurst (collectively "S&N") appealed my decision to grant Arthrex's

1 – OPINION AND ORDER

Motion for Judgment as a Matter of Law. Under the case law in effect at the time of the appellate decision, the Federal Circuit reviewed all aspects of my claim construction *de novo*. The Federal Circuit ultimately reversed my decision granting Arthrex's Motion for Judgment as a Matter of Law.

Arthrex argues that a recent Supreme Court decision invalidates the standard of review used by the Federal Circuit in its 2013 review of this case. In *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, the Court held that when reviewing a district court's resolution of subsidiary factual matters during patent construction, the Federal Circuit must apply a clear error standard. 135 S.Ct. at 841. Arthrex argues that under *Teva's* new approach, the claim construction of "lodging the member" issued by the Federal Circuit on appeal is not valid, but rather the construction previously issued by this Court should be reinstated. Arthrex argues that this Court engaged in fact-finding to arrive at its construction and the Federal Circuit therefore should have honored that construction unless it found clear error in this Court's fact-finding.

## DISCUSSION

### I.  Motion for Indicative Ruling [1167]

Arthrex's Motion for Indicative Ruling [1167] is denied as moot. At the time this motion was filed, this case was before the Federal Circuit on appeal, and therefore this court lacked the power to grant or deny Arthrex's Motion to Reopen the Judgment [1168]. However, on April 27, 2015, the Federal Circuit issued a mandate affirming this Court's prior decision, ending the pending appeal. This Court now has the power to decide Arthrex's Motion to Reopen the Judgment [1168], and therefore its Motion for Indicative Ruling [1167] is no longer necessary and is denied as moot.

### II.  Motion to Reopen the Judgment [1168]

*Teva* only applies to the extent this Court engaged in fact-finding regarding extrinsic evidence. The Supreme Court stated in *Teva*, "when the district court reviews only evidence intrinsic to the patent

(the patent claims and specifications, along with the patent's prosecution history), the judge's determination will amount solely to a determination of law, and the Court of Appeals will review that construction *de novo*." 135 S.Ct. at 841. Where a claim term is capable of being construed based on the intrinsic evidence alone, it is actually improper for a court to rely on extrinsic evidence. *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1583 (Fed. Cir. 1996) ("In those cases where the public record unambiguously describes the scope of the patented invention, reliance on any extrinsic evidence is improper."); *see also Cyber Acoustics, LLC v. Belkin Intern., Inc.*, 2014 WL 1225198, at *4 (D. Or. March 24, 2014) (Simon, J.) ("Generally an 'analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term.' *Vitronics*, 90 F.3d at 1583. Where that is the case, 'it is improper to rely on extrinsic evidence.' *Id.*").

In its review of the claim construction for "lodging," the Federal Circuit held that the intrinsic evidence alone was sufficient to construe the claim. *Smith & Nephew, Inc. v. Arthrex, Inc.*, 502 F. App'x. 945, 948–949 (Fed. Cir. 2013). In a post-*Teva* case, the Federal Circuit held, "[B]ecasue the meaning of the claim at issue is clear in view of the intrinsic record and undisputed facts, we also review *de novo* . . . . To the extent the district court considered extrinsic evidence in its claim construction order . . . that evidence is ultimately immaterial to the outcome because the intrinsic record is clear." *Eidos Display, LLC v. AU Optronics Corp.*, 779 F.3d 1360, 1364–65 (Fed. Cir. 2015). To the extent this Court engaged in any fact-finding regarding the term "lodging," that fact-finding was at best immaterial under *Eidos* and at worst improper under *Vitronics*. Nothing in *Teva* suggests that the Federal Circuit must review immaterial or improper fact-finding under a clear error standard. Rather it appears rather clearly that such fact-finding is to be disregarded and a *de novo* standard applied. *See Teva*, 135 S.Ct. at 841. Therefore this Court finds that Arthrex's argument that the Federal Circuit used the wrong standard of

3 – OPINION AND ORDER

review is unavailing and Arthrex has failed to show that judgment should be reopened under FRCP 60(b). As a result, Arthrex's Motion to Reopen the Judgment [1168] is denied.

## CONCLUSION

For the reasons state above, Arthrex's Motion for Indicative Ruling [1167] is DENIED as moot and its Motion to Reopen the Judgment [1168] is DENIED on the merits.

IT IS SO ORDERED.

DATED this   19th   day of May, 2015.

                                                /s/ Michael W. Mosman\_\_\_\_
                                                MICHAEL W. MOSMAN
                                                United States District Judge